| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| ROBERT H. CLARK, JR., § <br> § <br> Movant, § <br> § <br> *versus* § <br> § <br> UNITED STATES OF AMERICA, § <br> § <br> Respondent. § | § <br> § <br> § <br> § <br> § CIVIL ACTION NO. 1:12-CV-237 <br> § <br> § <br> § <br> § |

# MEMORANDUM ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Robert H. Clark, Jr., an inmate at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends the motion be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Movant filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes Movant's objections are without merit. Movant contends the magistrate judge erroneously treated his pleading as a motion to vacate sentence brought exclusively under 28 U.S.C. § 2255 instead of also construing the motion as asserting claims under 28 U.S.C. § 2241. However, as set forth in the Report, the magistrate judge correctly analyzed the motion under both sections.

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Relief under this section is warranted for errors that occurred at trial or sentencing. *Cox v. Warden, Fed. Detention Ctr.*, 911

F.2d 1111, 1113 (5th Cir. 1990). Since Movant attacks the validity of his conviction and sentence, the motion is properly brought under 28 U.S.C. § 2255. However, because Movant had previously filed another motion to vacate sentence pursuant to 28 U.S.C. § 2255, he was required to obtain permission from the Fifth Circuit Court of Appeals before filing his motion. *See* 28 U.S.C. § 2244(b)(3)(A). As Movant did not obtain the necessary permission prior to filing his motion, this court is without jurisdiction to entertain this motion to vacate sentence.

Additionally, when construed as a petition brought pursuant to 28 U.S.C. § 2241, Movant's claims do not meet the criteria required to support a claim under the savings clause of 28 U.S.C. § 2255. *See Padilla v. United States*, 416 F.3d 424 (5th Cir. 2005); *Reyes-Requena v. United States*, 243 F.3d. 893 (5th Cir. 2001). Accordingly, Movant's objections should be overruled.

Furthermore, Movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying a motion under section 2255 may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, Movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not

novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Thus, a certificate of appealability shall not be issued.

## ORDER

Accordingly, Movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 8th day of September, 2015.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE